# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEDRO ANTONIO-ARVELO ) | Case No. 1:12-cv-04858-VM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| HOUSLANGER & ASSOCIATES, ) | **Jury Trial Demanded** |
| PLLC, LR CREDIT 10, LLC, VIRGO ) | |
| CAPITAL, LLC, and TODD E. ) | |
| HOUSLANGER, ) | |
| ) | |
| Defendants. | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants transact business in this district.

## PARTIES

4. Plaintiff, Pedro Antonio-Arvelo ("Plaintiff"), is a natural person who at all relevant times resided in the State of New York, County of New York, and City of New York.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Houslanger & Associates, PLLC ("H&A"), is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant, LR Credit 10, LLC, ("LR Credit"), is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

8. Defendant, Virgo Capital, LLC, ("Virgo"), is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. Defendants, Houslanger & Associates, PLLC, LR Credit 10, LLC, and Virgo Capital, LLC, and Todd E. Houslanger (collectively, "Defendants"), are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

10. Defendant, Todd E. Houslanger ("Houslanger"), is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

11. Houslanger was regularly engaged, directly and indirectly in the collection of Plaintiff's debt.

12. Houslanger was personally involved in the collection of Plaintiff's debt.

13. Houslanger was materially involved in the collection of Plaintiff's debt.

14. Houslanger was materially participated in H&A's debt collection activities.

15. Upon information and good faith belief, Houslanger was involved in the day-to-day operations of H&A's debt collection business.

16. Upon information and good faith belief, Houslanger exercised control over the affairs of H&A's debt collection business.

## FACTUAL ALLEGATIONS

17. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than H&A.

18. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than H&A, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

19. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than H&A.

20. H&A uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

21. LR Credit purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

22. LR Credit acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

23. Upon information and good faith belief, LR Credit is thoroughly enmeshed in H&A's debt collection business, and LR Credit is a significant participant in H&A's debt collection process.

24. Virgo purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

25. Virgo acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

26. Upon information and good faith belief, Virgo is thoroughly enmeshed in H&A's debt collection business, and Virgo is a significant participant in H&A's debt collection process.

27. In connection with the collection of an alleged debt in default, H&A's agent and/or employee, Houslanger, himself and on behalf of H&A, LR Credit, and Virgo, sent Plaintiff initial written communication dated January 26, 2012.

28. The January 26, 2012 initial correspondence stated, in relevant parts:

"

| Our Client: | SEARS |
|---|---|
| Current Creditor: | LR CREDIT 10, LLC |

*****

    We are notifying you that this debt and/or judgment was assigned from LR CREDIT 10, LLC to our client, Virgo Capital, LLC, who is the current creditor and successor thereto. The original creditor on this matter is SEARS."

See, Correspondence, attached hereto as Exhibit "A".

29. The January 26, 2012 initial correspondence fails to meaningfully convey the name of the creditor to whom the debt is owed because it identifies both LR Credit and Virgo as the current creditor. (See Exhibit "A").

30. The January 26, 2012 initial correspondence fails to contain the disclosure required by 15 U.S.C. § 1692g(a)(5), and the same was not provided within five days thereafter. (See Exhibit "A").

31. Further, the January 26, 2012 initial correspondence fails to provide the address of the original creditor in lieu of providing the disclosure required by 15 U.S.C. § 1692g(a)(5). (See Exhibit "A").

32. Defendants' actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## VIOLATIONS OF 15 U.S.C. § 1692e(10)
## DEFENDANT H&A

33. Plaintiff repeats and re-alleges each and every allegation above.

34. H&A violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, which included but was not limited to: falsely representing the identity of the current creditor the identity of H&A's client.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that H&A violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

# COUNT II
## VIOLATIONS OF 15 U.S.C. § 1692e(10)
## DEFENDANT LR CREDIT

35. Plaintiff repeats and re-alleges each and every allegation above.

36. H&A violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, which included but was not limited to: falsely representing the identity of the current creditor the identity of H&A's client.

37. LR Credit, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Houslanger and H&A, the debt collectors it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that LR Credit violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATIONS OF 15 U.S.C. § 1692e(10)
## DEFENDANT VIRGO

38. Plaintiff repeats and re-alleges each and every allegation above.

39. H&A violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, which included but was not limited to: falsely representing the identity of the current creditor the identity of H&A's client.

40. Virgo, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Houslanger and H&A, the debt collectors it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Virgo violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATIONS OF 15 U.S.C. § 1692e(10)
## DEFENDANT HOUSLANGER

41. Plaintiff repeats and re-alleges each and every allegation above.

42. Houslanger violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, which included but was not limited to: falsely representing the identity of the current creditor the identity of H&A's client.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Houslanger violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATIONS OF 15 U.S.C. § 1692g(a)(2)
## DEFENDANT H&A

43. Plaintiff repeats and re-alleges each and every allegation above.

44. H&A violated 15 U.S.C. § 1692g(a)(2) by failing to meaningfully convey the name of the creditor to whom the debt is owed in the January 26, 2012 initial correspondence or within five days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that H&A violated 15 U.S.C. § 1692g(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
### VIOLATIONS OF 15 U.S.C. § 1692g(a)(2)
### DEFENDANT LR CREDIT

45. Plaintiff repeats and re-alleges each and every allegation above.

46. H&A violated 15 U.S.C. § 1692g(a)(2) by failing to meaningfully convey the name of the creditor to whom the debt is owed in the January 26, 2012 initial correspondence or within five days thereafter.

47. LR Credit, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Houslanger and H&A, the debt collectors it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that LR Credit violated 15 U.S.C. § 1692g(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATIONS OF 15 U.S.C. § 1692g(a)(2)
## DEFENDANT VIRGO

48. Plaintiff repeats and re-alleges each and every allegation above.

49. H&A violated 15 U.S.C. § 1692g(a)(2) by failing to meaningfully convey the name of the creditor to whom the debt is owed in the January 26, 2012 initial correspondence or within five days thereafter.

50. Virgo, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Houslanger and H&A, the debt collectors it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Virgo violated 15 U.S.C. § 1692g(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## VIOLATIONS OF 15 U.S.C. § 1692g(a)(2)
## DEFENDANT HOUSLANGER

51. Plaintiff repeats and re-alleges each and every allegation above.

52. Houslanger violated 15 U.S.C. § 1692g(a)(2) by failing to meaningfully convey the name of the creditor to whom the debt is owed in the January 26, 2012 initial correspondence or within five days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Houslanger violated 15 U.S.C. § 1692g(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX
## VIOLATIONS OF 15 U.S.C. § 1692g(a)(5)
## DEFENDANT H&A

53. Plaintiff repeats and re-alleges each and every allegation above.

54. H&A violated 15 U.S.C. § 1692g(a)(5) by failing to send Plaintiff written notices containing a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor in its initial communication or within five days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that H&A violated 15 U.S.C. § ;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT X
## VIOLATIONS OF 15 U.S.C. § 1692g(a)(5)
## DEFENDANT LR CREDIT

55. Plaintiff repeats and re-alleges each and every allegation above.

56. H&A violated 15 U.S.C. § 1692g(a)(5) by failing to send Plaintiff written notices containing a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor in its initial communication or within five days thereafter.

57. LR Credit, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Houslanger and H&A, the debt collectors it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that LR Credit violated 15 U.S.C. § 1692g(a)(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XI
## VIOLATIONS OF 15 U.S.C. § 1692g(a)(5)
## DEFENDANT VIRGO

58. Plaintiff repeats and re-alleges each and every allegation above.

59. H&A violated 15 U.S.C. § 1692g(a)(5) by failing to send Plaintiff written notices containing a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor in its initial communication or within five days thereafter.

60. Virgo, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Houslanger and H&A, the debt collectors it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Virgo violated 15 U.S.C. § 1692g(a)(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XII
## VIOLATIONS OF 15 U.S.C. § 1692g(a)(5)
## DEFENDANT HOUSLANGER

61. Plaintiff repeats and re-alleges each and every allegation above.

62. Houslanger violated 15 U.S.C. § 1692g(a)(5) by failing to send Plaintiff written notices containing a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor in its initial communication or within five days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Houslanger violated 15 U.S.C. § 1692g(a)(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XIII
## VIOLATIONS OF 15 U.S.C. § 1692g(b)
## DEFENDANT H&A

63. Plaintiff repeats and re-alleges each and every allegation above.

64. H&A violated 15 U.S.C. § 1692g(b) by using collection activities and communication during the 30-day period inconsistent with the disclosure of the consumer's right to request the name and address of the original creditor.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that H&A violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT XIV
### VIOLATIONS OF 15 U.S.C. § 1692g(b)
### DEFENDANT LR CREDIT

65. Plaintiff repeats and re-alleges each and every allegation above.

66. H&A violated 15 U.S.C. § 1692g(b) by using collection activities and communication during the 30-day period inconsistent with the disclosure of the consumer's right to request the name and address of the original creditor.

67. LR Credit, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Houslanger and H&A, the debt collectors it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that LR Credit violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XV
## VIOLATIONS OF 15 U.S.C. § 1692g(b)
## DEFENDANT VIRGO

68. Plaintiff repeats and re-alleges each and every allegation above.

69. H&A violated 15 U.S.C. § 1692g(b) by using collection activities and communication during the 30-day period inconsistent with the disclosure of the consumer's right to request the name and address of the original creditor.

70. Virgo, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Houslanger and H&A, the debt collectors it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Virgo violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XVI
## VIOLATIONS OF 15 U.S.C. § 1692g(b)
## DEFENDANT HOUSLANGER

71. Plaintiff repeats and re-alleges each and every allegation above.

72. Houslanger violated 15 U.S.C. § 1692g(b) by using collection activities and communication during the 30-day period inconsistent with the disclosure of the consumer's right to request the name and address of the original creditor.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Houslanger violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

73. Plaintiff is entitled to and hereby demands a trial by jury.

This _13_ day of _June_, 2012.

ATTORNEYS FOR PLAINTIFF
*Pedro Antonio-Arvelo*

Respectfully submitted,

_____
Dennis R. Kurz
NY Bar No. 4570453
*Weisberg & Meyers, LLC*
Attorneys for Plaintiff
300 International Drive, Suite 100
Williamsville
Buffalo, NY 14221
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com

*Weisberg & Meyers, LLC*
80 Broad Street, 5th Floor
New York, NY 10004

*Please send correspondence to the address below*

Dennis R. Kurz
NY Bar No. 4570453
*Weisberg & Meyers, LLC*
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012